THE PEOPLE ex. rel. SARAH M. KIRKHAM, executrix, &c., of SAMUEL KIRKHAM, deceased, vs. JOHN COTES and EARL KIDDER, the commissioners for loaning certain moneys of the United States, of the county of Genesee.

Where commissioners for loaning certain moneys of the United States, deposited with the state of New York for safe keeping, under the act of 4th April, 1837, sold land on a mortgage to them, and on the sale there was a surplus, and the executrix of the mortgagor's assignee demanded said surplus: the commissioners refused to pay the surplus to such executrix; it appearing that the commissioners had no actual notice of the conveyance by the mortgagor before the sale, but had such notice while the surplus was in their hands after the sale. An alternative mandamus was allowed against said commissioners, to pay over the surplus to the executrix, or show cause, &c.

This was a motion ex parte, on behalf of Sarah M. Kirkham, executrix of Samuel Kirkham, deceased, for a *mandamus,* to compel the said commissioners to pay over certain surplus moneys in their hands, or which they had received, on the sale of property, mortgaged by the assignor of said Kirkham, deceased, to said commissioners, upon the following facts: Chauncey Kirkham mortgaged to said commissioners, on the 21st of July, 1837, a certain piece of land in Batavia village, to secure the payment of $220 and interest, pursuant to the provisions of the act of the legislature, entitled "An act authorizing a loan of certain moneys belonging to the United States, deposited with the state of New York for safe keeping," passed April 4, 1837. On the 18th of October, 1837, Chauncey Kirkham and his wife, conveyed the same land, so mortgaged, (together with other lands,) to Samuel Kirkham, then of the city of New York, by warranty deed, for the consideration of $750, which deed was duly recorded in the clerk's office of Genesee county, on the 23d of October, 1837. On or about the 10th of May, 1843, Samuel Kirkham died, leaving his last will and testament, and a codicil thereto, by which he appointed Sarah M. Kirkham, his wife, executrix, whereby she was directed to

pay the debts of the deceased, and by which she became entitled to the care, custody and control of all the real and personal estate of the testator; which will and the codicil thereto was duly proved before the surrogate of the county of New York, on the 2d day of June, 1843. Letters testamentary were granted and issued by the surrogate to said Sarah M. Kirkham, as such executrix. Default having been made in the payment of moneys due on the mortgage to said commissioners in October, 1843, the land in said mortgage described, was sold, in pursuance of the act aforesaid, on the first Tuesday of February, 1844, and bid off by one Levi Otis, for a sum exceeding the whole amount of principal and interest due upon said mortgage, and the costs of sale, by the sum of $74·83, which remained in the hands of the said commissioners as surplus. The commissioners, at or about the time of such sale, were informed that said land had been conveyed as aforesaid, by said Chauncey Kirkham, and that his grantee was dead, and had left a will, and that Sarah M. Kirkham was the lawful executrix. On the 26th of February, 1844, and while the surplus money was in the hands of the commissioners, Samuel C. Holden, for and on behalf of said executrix, presented to said commissioners an order for such surplus money, made and signed by said executrix, and demanded of them the said surplus in the name and on behalf of the said executrix, which they refused to pay over; and that while such surplus money was in the hands of the said commissioners, they had actual notice of such conveyance, and one of them saw and examined the record thereof; they also had actual notice of the fact of the decease of said Samuel Kirkham, and of the appointment of his wife, Sarah M. Kirkham, as executrix, &c. On the 23d of March, 1844, the commissioners paid over said surplus money to Chauncey Kirkham, on his giving them a bond of indemnity.

A. TABER, *Counsel for Relator.*      J. L. BROWN, *Atty for Relator.*

The main question arose under the 39th section of the act of the 4th of April, 1837. No notice was served, as required by that section; but while the surplus was in the hands of the commissioners, they had *actual* notice of all the facts, and an order for the surplus was presented, and the money demanded.

BRONSON, Chief Justice.—Allowed an alternative mandamus.